# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARIT HAYRAPETYAN,<br><br>  Plaintiff,<br><br>  vs.<br><br>CAROLYN L. COLVIN,<br>Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. CV 13-847 JVS (MRW)<br><br>ORDER DISMISSING ACTION |

   The Court vacates the reference of this action to the Magistrate Judge and dismisses the action due to Plaintiff's failure to prosecute the case.

\* \* \*

   Plaintiff seeks to appeal the Social Security Administration's denial of disability benefits. Plaintiff filed this action in February 2013. Because Plaintiff was proceeding in forma pauperis and without a lawyer, Magistrate Judge Wilner ordered the Clerk to serve the complaint on the government. (Docket # 6.) The government answered the complaint and provided Plaintiff with a copy of the administrative record. (Docket # 8-10.)

The Court informed Plaintiff on several occasions of the obligation to file a motion for summary judgment setting forth legitimate issues on appeal. (Docket # 6, 15.) Additionally, the government filed a notice with the Court indicating that Plaintiff failed to file her summary judgment motion on time and requested instructions as to how to proceed with the action. (Docket # 14.) The Court issued an order to show cause. (Docket # 15.) The order expressly warned Plaintiff that the failure to file a timely motion explaining the legal position on appeal would lead to the dismissal of the action for failure to prosecute. (Id.)

To date, Plaintiff has failed to file a statement of grounds for appeal of the agency's determination to this Court. Moreover, Plaintiff filed nothing in response to the Court's most recent order to show cause requiring Plaintiff to file a summary judgment motion with the Court. (Docket # 15.) Notably, neither the government nor the Court know the basis by which Plaintiff seeks appellate review in this case.

\* \* \*

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).

1    In the current case, the Court finds dismissal is appropriate.  Since the
2 beginning of 2013, Plaintiff demonstrated that no interest in properly pursuing this
3 action.  Plaintiff failed to comply with several clear, direct instructions from the
4 magistrate judge to file a proper motion for review of the case.  The magistrate
5 judge expressly warned Plaintiff that Plaintiff faced dismissal of the action for
6 failure to prosecute.  Even so, Plaintiff did not file any response.  This has
7 unnecessarily delayed the litigation.  As a result, the Court, the government, and
8 the public have a strong interest in terminating this action.  Furthermore, because
9 Plaintiff is a <u>pro se</u> litigant who has not responded to the Court's most recent notice
10 about the case, no sanction short of dismissal will be effective in moving this case
11 forward.

    Therefore, this action is hereby DISMISSED without prejudice.

    IT IS SO ORDERED.

DATED: October 7, 2013

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE